IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 28, 2011 Session

**ESTATE OF SUE BRATTON THOMPSON**

**Direct Appeal from the Chancery Court for Maury County**
**No. P646-08     Jim T. Hamilton, Chancellor**

**No. M2011-00411-COA-R3-CV - Filed March 14, 2012**

J. STEVEN STAFFORD, J., concurring.

I concur in both the reasoning and the result reached by the majority in this case, but write separately to voice my concern over the lack of findings made by the trial court.

I agree with the majority's conclusion that the prohibition against clearly excessive fees expressed in *White v. McBride*, 937 S.W.2d 796 (Tenn. 1996), applies to the fee requested in this case.

I agree also with the majority's conclusion that, although Mr. Colley's fee request was not reasonable, it was not so clearly excessive as to deny him any fee pursuant to *White*. As such, I agree that Mr. Colley is entitled to his reasonable fee in *quantum meruit*.

The majority then goes on to consider the reasonable fee that should be awarded to Mr. Colley in this case. In order to determine the reasonableness of an award of attorney fees, the Tennessee Supreme Court has directed trial courts to consider a number of factors:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) Whether the fee is fixed or contingent;

(9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) Whether the fee agreement is in writing.

*Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (internal citations omitted) (quoting Tenn. Sup. Ct. R. 8, RPC 1.5).

While every factor may not be relevant in every case, *see Wright*, 337 S.W.3d at 177 n.21, the trial court should consider each relevant factor when determining an attorney's reasonable fee. *Id.* at 185 ("[T]he trial court should apply the factors set forth in RPC 1.5(a)(1)–(10) when determining a reasonable attorney's fee regardless of the client's age."). Rather than utilizing the above factors, the trial court apparently based the attorney fee award on Rules 33.04 and 33.05 of the 22nd Judicial District Local Rules of Practice ("the Local Rules"). I agree with the majority that the determination of reasonable attorney fees should not be governed by the Local Rules, but rather should be based on the factors as outlined in *Wright*. Instead of remanding to the trial court to consider Mr. Colley's reasonable attorney fee in light of the proper standard, the majority concludes that based on the evidence in the record, Mr. Colley is entitled to a fee of $ 8,000.00.

However, I write to voice my concern regarding the trial court's failure to comport with the Tennessee Supreme Court's directions in *Wright*, which hinders our ability to properly consider this appeal. The *Wright* Court directed that "the trial court should develop an evidentiary record, *make findings concerning each of the factors*, and then determine a reasonable fee that "depend[s] upon the particular circumstances of the individual case."[1] *Id.* at 185–86 (emphasis added) (quoting *White v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996)). From my review of the record, no evidentiary hearing was ever conducted as to the reasonableness of Mr. Colley's fee. In addition, the order granting Mr. Colley's request for an attorney fee contains no express consideration of any of the above factors, in contravention of both the *Wright* decision and Rule 52.01 of the Tennessee Rules of Civil Procedure. Rule 52.01 provides, in pertinent part:

In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the

---

[1] Although Wright dealt specifically with attorney fees in cases involving minors, the Court emphasized that the rules governing reasonable attorney fees apply equally to cases involving adults. *See Wright*, 337 S.W3d at 177.

findings of fact and conclusions of law appear therein.

*Id.*

This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." ***Id.***; ***White v. Moody***, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); ***Bruce v. Bruce***, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." ***In re K.H.***, 2009 WL 1362314, at *8 (quoting ***In re M.E.W.***, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)). Indeed, specifically in cases involving attorney fees, the Tennessee Supreme Court has held that "[t]o enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case." ***Wright***, 337 S.W.3d at 186. "Where, however, there is . . . no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court." ***First Peoples Bank of Tenn. v. Hill***, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010) (citing ***Jerry T. Beech Concrete Contractor, Inc., v. Larry Powell Builders***, Inc., No. M2001-02709-COV-R3-CV, 2003 WL 726955, at *3 (Tenn. Ct. App. March 4, 2003)). Accordingly, ***Wright*** requires that the trial court must consider the relevant factors in awarding reasonable attorney fees and both ***Wright*** and Rule 52.01 impose a mandatory duty on the trial court to make express findings as to those factors. Neither requirement was complied with in this case.

The appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Rule 52.01 is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law." ***Lake v. Haynes***, No. W2010–00294–COA–R3–CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). While I stress the importance of these findings to enable this Court to conduct a thorough appellate review, this Court has previously held that when faced with a trial court's failure to make specific findings, the appellate courts may "soldier on" when the case involves only a clear legal issue, ***Burse v. Hicks***, No. W2007–02848–COA–R3–CV, 2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008), or when the court's decision is "readily ascertainable." ***Burgess v. Kone, Inc.***, No. M2007–0259–COA–R3–CV, 2008 WL 2796409, at * (Tenn. Ct. App. July 18, 2008). In this case, the only issue on appeal is the reasonable attorney fee owed to Mr. Colley. In the trial court, Mr. Colley filed invoices containing the number of hours he worked on this case, as well as his normal hourly fee, which are

3

contained in the record on appeal. In this situation, despite the lack of Rule 52.01 findings, we may soldier on to determine Mr. Colley's reasonable fee in *quantum meruit*. The majority has indeed reviewed the record and determined that Mr. Colley is entitled to a reasonable fee of $ 8,000.00, based on the invoices submitted to the trial court and the factors as outlined in *Wright*. I concur in the result reached by the majority. However, I must reiterate that without findings under Rule 52.01, it is not "the obligation of this Court to scrutinize the transcript, in order to discern a trial court's reasoning." *Grand Valley Lakes Property Owners Ass'n, Inc. v. Burrow*, No. W2011-00573-COA-R3C, 2011 WL 6916477, at *6 (Tenn. Ct. App. Dec. 28, 2011). In addition, I must caution that "while in this case we chose to proceed with our review despite the fact that the [court] chose not to abide by the rules of this Court, we cannot say we will be so accommodating and choose to do the same in the future." *Wells v. Wells*, No. W2009–01600–COA–R3–CV, 2010 WL 891885, *4 (Tenn. Ct. App. 2010).

For this reason, I respectfully file this separate concurrence.

_____
J. STEVEN STAFFORD, JUDGE